**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | No. 14-323-7 |
| **MICHAEL LEWIS** | : | |
| | : | |

McHUGH, J.                                                                                       January 29, 2021

**MEMORANDUM**

This is a motion for compassionate release under 18 U.S.C. § 3582. Petitioner Michael Lewis pleaded guilty to conspiracy to distribute crack cocaine base, distribution within a protected zone, and use of a telephone to sell narcotics. With an offense level of 33 and a criminal history Category of III, he faced a guideline range of 168 to 210 months.

The parties recommended, and the Court accepted, a sentence toward the lower end of that range–180 months. Mr. Lucas has served approximately half of that sentence. He now seeks early release because of the COVID pandemic and conditions at FCI-Fort Dix, where he is serving his sentence.

Having reviewed the record, the motion will be denied.

The statute requires "extraordinary and compelling reasons" in order to grant release. §3582 (c)(1)(A) (i). Defendant fails to meet that standard. Mr. Lewis had a kidney transplant in 2006. He contends that he is immunosuppressed, but there is no mention of immunosuppression

1

anywhere in the medical records. It is true that the immune system is deliberately suppressed when a transplant is performed to guard against rejection of the organ, but not all transplant patients take medication to suppress the immune system long-term.  There is no evidence Mr. Lewis takes such medications.  Moreover, it appears the transplant was successful, as there is no evidence of chronic renal disease. He is overweight but not clinically obese, and his Body Mass Index, falling between 25 and 30, is at most a potential risk factor for severe illness from COIVD.[1]   He is 38 years of age, and generally in good health as reflected by records showing only routine care.  Consequently, he falls well short of the controlling standard.

Although Mr. Lewis' fears about the pandemic are understandable, the Court of Appeals had made clear that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020).  I have previously detailed the comprehensive steps being taken by the Bureau of Prisons to combat COVID.  *United States v. Robinson,* 466 F. Supp. 3d 524 (E.D. Pa. 2020). These steps have been far from universally successful but show a concerted effort to protect inmates from the virus. In particular, I am aware of the fluctuating situation at Fort Dix, and the fact that the first death of a prisoner there was recently reported.  But it appears that the deceased resident suffered from multiple factors specifically recognized by the CDC as creating a high degree of risk, making his situation profoundly different from Mr. Lewis.  Presently, there are active cases there - 71 inmates and 33

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

staff.  Although this is concerning, standing alone it does not warrant release in the absence of far more compelling indication of risk to Mr. Lewis individually.

An analysis of the factors set forth in 18 U.S.C. §3553(a) also weigh against release.  Mr. Lewis' offenses are serious, and he has served approximately half of his sentence. He has two prior drug-related offenses and pleaded guilty to involvement in a sexual assault of a 15-year old girl. The need to promote respect for law, impose adequate punishment, and deter him from future crimes would be undermined by release at this point.

Mr. Lewis also argues that an "851 enhancement" was unlawfully applied in his case.  Putting to one side whether this claim is properly rasied, it has no basis in fact.  The Government had filed a notice of intent to seek such an enhancement, but it was withdrawn, and the parties negotiated a sentence that the Court accepted below the 20-year mandatory minimum that Section  851 would have imposed.[2]

For these reasons, the motion will be denied.

   /s/ Gerald Austin McHugh
United States District Judge

---

[2] This argument would also fail as a matter of law.  *See United States v. Abbott,* 748 F.3d 154, 159–60 (3d Cir. 2014).