IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL LEWIS,** | : | **CIVIL ACTION** |
| Movant/Defendant, : | No. 21-3864 |
| | : | |
| **v.** | : | **CRIMINAL ACTION** |
| | : | No. 14-323-7 |
| **UNITED STATES OF AMERICA,** | : | |
| Respondents. | : | |

**McHUGH, J.**                                                                                               **April 6, 2023**

**MEMORANDUM**

Defendant seeks post-conviction relief from his federal conviction and sentence under 28 U.S.C. § 2255, on the basis that his counsel was ineffective for incorrectly advising him that his sentence may be enhanced due to a prior state drug conviction. Because I find that his counsel correctly advised him of the law regarding his sentencing enhancement, I will deny his Motion.

**I.      Relevant Background**

On September 25, 2014, Movant/Defendant Michael Lewis was charged by a superseding indictment with the following violations of federal law: one count of conspiracy to distribute 280 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (Count One), distribution of cocaine within 1,000 feet of a private university, in violation of 21 U.S.C. § 860(a) (Count 182), and use of a telephone in furtherance of a drug felony, in violation of 21 U.S.C. § 843(b) (Counts 179, 180, and 234). ECF 19.

A year later, the Government filed an Information Charging Prior Offense regarding a previous state conviction that Lewis received. ECF 469. The Government filed this document pursuant to 18 U.S.C. § 851, which enables such a conviction to be used to enhance a defendant's sentence. ECF 469. Specifically, the Government stated that Lewis was convicted in state court

in 2005 of manufacturing, delivering, or possessing cocaine with intent to manufacture or deliver, a felony violation of 35 P.S. § 780-113. ECF 469.

On February 19, 2016, Mr. Lewis entered a guilty plea regarding all charges. ECF 707. Lewis asserts that he entered this guilty plea on the advice of his lawyer, who advised Lewis that his state conviction constituted a prior felony drug offense under the Controlled Substances Act and might cause him to face a minimum term of 20 years in prison if he proceeded to trial and was convicted. *See* ECF 1342 at 4. His counsel therefore advised him that the Government's plea offer of 15 years in prison was the best path forward, given that Lewis "would certainly be convicted" if he proceeded to trial. *Id.* On March 16, 2017, I imposed the sentence agreed to in the plea agreement, which involved 180 months' imprisonment, six years' supervised release, and a $500 special assessment. ECF 881.

On March 12, 2018, Lewis filed a § 2255 motion asserting several grounds for relief, including an allegation that his trial counsel failed to file a direct appeal as Lewis requested. *See* ECF 958. On September 25, 2019, I denied Lewis' § 2255 motion, but permitted him to file a direct appeal with the agreement of the Government. ECF 1134 at 6. Because reinstatement of the right of appeal entitles a defendant to file an additional § 2255 motion,[1] Lewis subsequently filed the current motion on August 30, 2021, raising a single claim of ineffective assistance of counsel.

---

[1] *See In re Olabode*, 325 F.3d 166 (3d Cir. 2003) (holding that when a defendant's right to appeal is restored through a § 2255 motion, the defendant's next motion is not deemed second or successive).

## II. Discussion

### A. Defendant's claim of ineffective assistance is based upon a misunderstanding of the controlling law.

Mr. Lewis argues that his counsel was ineffective in failing to advise him that his prior drug trafficking offense under 35 P.S. § 780-113(a)(30) could not have been used to enhance his federal sentence, on the ground that it would not qualify as a prior offense under 21 U.S.C. § 841(b)(1)(B). Lewis argues that the state statute under which he was convicted was overbroad in relation to the federal definition of a controlled substance, and therefore could not be used as a predicate offense to enhance his sentence under federal caselaw. But in arguing this point, Defendant incorrectly invokes the legal standard applying to the Armed Career Criminal Act (ACCA). *See* ECF 1342 at 6 (arguing that "convictions under Section 780-113(a)(3) may not be used to enhance a federal sentence under the Armed Career Criminal Act"). But Defendant's drug offenses were not governed by ACCA. His case was governed by the Controlled Substances Act (CSA), and specifically Section 841(b)(1)(B), which at the time of his guilty plea increased the statutory penalty if the defendant previously committed a "felony drug offense."[2]

The term "felony drug offense" is defined in 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country" that prohibits or restricts conduct relating to narcotic drugs, marijuana, "anabolic steroids, or depressant or stimulant substances." Lewis' state drug offense would have

---

[2] The statute was later amended in Section 401 of the First Step Act of 2018, and now refers to a "serious drug felony." That provision explicitly states that it does not apply retroactively to earlier prosecutions. *See* Pub. L. No. 115-391, § 401(c).

3

clearly qualified under this definition, and his counsel was not ineffective for advising him that he likely faced a sentencing enhancement for a prior felony drug offense.

### B. No evidentiary hearing is required.

I have significant discretion in determining whether to order an evidentiary hearing regarding a § 2255 motion. In making this determination, I "must accept the truth of the defendant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Government of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1988). Where the record affirmatively demonstrates that a claim for relief is without merit, however, it is well settled that the refusal to hold a hearing is within the trial court's discretion. *See Page v. United States*, 462 F.2d 932, 933 (3d Cir. 1972). Moreover, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires a judge to order the summary dismissal of a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and prior proceedings in the case that the movant is not entitled to relief."

As explained above, Defendant's claims lack any basis in law, and his counsel cannot be found ineffective for giving him proper legal advice. I will therefore deny his § 2255 motion without a hearing.

### III. Conclusion

For the reasons set forth, Defendant's Motion will be denied. And because Defendant has not made a substantial showing of a denial of any constitutional right, there is no basis to issue a certificate of appealability. An appropriate order follows.

        s/ Gerald Austin McHugh
        United States District Judge